IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVERETTE RICKERSON, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:18-cv-1418-C (BT) |
| | § | |
| LORIE DAVIS, *Director*, TDCJ-CID | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Everett Rickerson, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the petition should be dismissed.

I.

Petitioner was convicted of burglary of a habitation in cause number F-87-90671 in Dallas County, Texas, and was sentenced to forty years of confinement. *See* www.dallascounty.org/criminalBackgroundSearch/captcha. Petitioner does not challenge his conviction or sentence in his § 2254 petition. Instead, he argues Respondent incorrectly calculated his time credits and his mandatory release date. Respondent filed an answer arguing the petition is unexhausted and time-barred. Petitioner did not file a reply.

1

II.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This requires a petitioner to present his claims to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). A federal habeas petition that contains unexhausted claims cannot be granted. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990).

To exhaust his time credit claim, Petitioner was required to file an administrative time credit dispute. *See* Tex. Gov't Code § 501.0081; *Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000); *Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010). Once a petitioner exhausts his administrative remedies, he is required to exhaust his state remedies by filing a state petition for writ of habeas corpus. *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Here, Petitioner did not file a time credit claim under § 501.0081 and did not raise his time credit claim in a state habeas petition. He has therefore failed to exhaust his state remedies.

Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts

2

will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).[1]

III.

The petition should be dismissed without prejudice for failure to exhaust state remedies.

Signed April 30, 2019.

_____

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____

[1] Because the Court finds the petition should be dismissed for failure to exhaust state remedies, the Court declines to address Respondent's claim that the petition is also time-barred.

3